ROBERT P. BELL v. THE MORRIS CANAL and BANKING COMPANY.

By the provisions of the statute, *Rev. Laws*, 453, *Section* 4, in actions merely transitory, the venue may be laid, at the discretion of the plaintiff : first, in the county in which the cause of action arose; second, if the *plaintiff* resided in the State, when the action was commenced, he may lay the venue in the county in which he then resided; third, if the *defendant* resided in the State, when the suit was instituted, the venue may be laid in the county in which the defendant then lived ; and fourth, if the defendant shall not be an inhabitant of this State, it may be laid in the county in which process shall have been served upon him. If the plaintiff has laid the venue in one of the places, thus designated by law, it cannot be changed upon the common affidavit, to any other of the specified counties, or to any other county in the State, though under special circumstances, the court will change the venue from one to another of the designated counties.

Where a special ground is laid, and circumstances are brought before the court, by which it is shewn, that the defendant may be exposed to unnecessary difficulty, or the fair administration of justice be interrupted, the venue may be changed, after plea pleaded.

The defendants had obtained a rule to show cause, why the venue should not be changed from the county of Sussex to the county of Bergen. At the last term of this court, this rule was argued by *Dodd* and *I. H. Williamson* in favor of the rule, and *J. W. Miller* and *Vanarsdale, contra.*

The following cases were cited by defendants' counsel— *Wistar* v. *Johnson, Coxe's R.* 260, and cases there cited; *Kent* v. *Dodge,* 3 *Johns. R.* 447 ; *Kerr* v. *Bank of New*

*Brunswick,* 1 *South. R.* 363; *Delevan* v. *Baldwin,* 3 *Caines'*
*R.* 104.

The plaintiff's counsel cited, 2 *Archb. Pr.* (*Gould's ed.*)
175; *The Mayor, &c.* v. *Bennett,* 2 *Str.* 874; *Dennis and*
*al. adsm. Ford,* 2 *Halst.* 200; *Manning* v. *Downing,* 2
*Johns R.* 453; *Petyt* v. *Berkely, Cowp.* 510; *Rex* v. *Harris,*
3 *Burr. R.* 1330; *Hodinot* v. *Cox,* 8 *East,* 268; *Low* v.
*Hallett,* 2 *Caine's,* 374; *Spencer* v. *Hulbert, ib.* 374; *Com.*
*Dig. tit. Act.* 13; 1 *Tidd's. Pr.* 546; *Dauchy* v. *Taylor,* 4
*Halst.* 96; *Worley and al.* v. *Scudder and al.* 5 *Halst.* 231;
*Kerr.* v. *Whitaker,* 2 *Penn. R.* 514; *Hall adsm. Cumber-*
*land Bank,* 2 *South. R.* 718; *Wilds* v. *Mairs,* 1 *Halst.* 320.

The Chief Justice delivered the opinion of the court.

HORNBLOWER, C. J.   By the provisions of our statute, *Rev.*
*Laws,* 453, *Section* 4, in actions merely transitory, the venue
may be laid, at the discretion of the plaintiff—1st, in the county
in which the cause of action arose; (and that without any
regard to the residence of the plaintiff or defendant, whether
in or out of the State;) 2dly, if the *plaintiff* resided in the
State, when the action was commenced, he may lay the venue,
in the county in which, he then resided; or 3dly, if the *defen-*
*dant* resided in the State, when the suit was instituted, the
venue may be laid in the county in which, the defendant then
lived; and 4thly, if the defendant shall not be an inhabitant of
this States, it may be laid in the county in which, process shall
have been served upon him.   Since the passage of this act, it
has repeatedly been decided, and may now be considered the
settled rule of this court, that, if the plaintiff has laid the venue
in one of the places thus designated by law, it cannot be changed
upon the common affidavit, to any other of the specified coun-
ties, or to any other county in the State.   The court, however,
under special circumstances, may at their discretion, change the
venue from one, to another of the designated counties.   At the
time of commencing this action, the plaintiff resided in the
county of Sussex.   He had therefore a right to lay the venue
there, as he has done.   Upon the facts disclosed by the affidavits
which have been read on the part of the defendants, we are
called upon to change the venue in this case, and to order the

Bell *v.* Morris Canal, &c.

trial, to be had in the county of Bergen. The objections which were urged by the counsel for the plaintiff, present three questions for the consideration of the court.

1st—whether this application does not come too late; it being after plea pleaded?

In England, when the venue is changed upon the common affidavit, it is necessary to do it before plea pleaded; because it being a motion of course, it might otherwise be used as a means of delay; but even there, under special circumstances, and if a serious defence is intended, it may be done after plea pleaded. 2 *Archb. Pr. Gould's ed.* 175, and cases there cited. That rule however does not appear to have been strictly followed in this State, even before the passage of the act of 1799, *see Wistar* v. *Johnson, Coxe's R.* 260. The true rule was laid down by this court, in *Wilds* v. *Mairs,* 1 *Halst.* 320, when a special ground is laid, and circumstances are brought before the court, by which it is shown that the defendant may be exposed to unnecessary difficulty, or the fair administration of justice be interrupted, the venue may be changed after plea pleaded. As these applications under our statute, are to the discretion of the court, there can be no reason for restricting them to a period before plea pleaded. In *Delaven* v. *Baldwin,* 3 *Caines'* 104, and *Kent* v. *Dodge,* 3 *Johns. R.* 447, it was held that the venue may be changed even after issue joined, when no delay will be occasioned by it.

2dly.—Are the facts and circumstances disclosed by the affidavits in this case, such as to justify the interference of the courts?

It appears by the affidavits of Robert Gilchrist, cashier, and John Cassedy, the clerk of the Morris Canal and Banking Company, that the contracts and engagements, on which this suit is founded, were entered into between the plaintiffs and defendants, partly at Jersey City in the county of Bergen, and partly in the City of New York, where the plaintiff then resided—that the said affiants, are material witnesses for the defendants in the cause, and that it will be necessary to use the books of the company, in evidence, or to have them present at the trial; that the books are numerous, large, and highly important, not only to

the company,but to every person having dealings with them,either in relation to the canal, or in the banking department of their business—that for safe keeping, and the security of all concerned, they are, every night, placed in a vault, under lock and key —that the plaintiff has informed them, that whenever the trial comes on, he shall require their attendance as witnesses for him, together with the books of the company—and they say, that should they and the books of the company be withdrawn from the banking house, at once, into the county of Sussex, the effect of it will be to suspend, for the time, the operations of the Bank. It further appears, that the cause of action principally, if not entirely, has arisen out of contracts made with the plaintiff, and services rendered by him, as an agent for the company, or as superintendant of the western division of the canal. None of these facts are denied by the plaintiff in his affidavit. He only says, the action is brought for services rendered by him along the line of the canal, in Sussex, Warren and Morris counties, and for monies paid by him in said counties—that his witnesses reside in those counties, some of them old and infirm —that his books of account are at Stanhope in Sussex county ; that they are numerous and of great value, and that it will be attended with great difficulty and expense to him, to remove his books to Bergen county, and procure the attendance of his witnesses, at that place.

The case made by these affidavits, presents an appeal to the sound discretion of the court. Here there is *inconvenience* against *inconvenience.* If it was balanced, or nearly so, the right of the plaintiff to retain the venue, where he has laid it, would prevail. But the fact is not so. It would be a most inconvenient, if not a serious thing to the company, and highly injurious to the public, to have its officers, its clerks and books, withdrawn to foreign and remote counties, at the suit of every agent, superintendant and contractor, or other person with whom it may have had dealings, either as a Canal Company or a Bank. The doors of the institution, must be closed, and its banking operations suspended. Individuals may be ruined, and the bank itself subjected not only to great pecuniary loss, but to the loss or destruction of their books.

Bell v. Morris Canal &c.

It is not, however, the injury to the *company*, or the personal inconvenience of *its* officers, that influences our judgment; canal, and railroad, and banking companies, are, in an important sense, public institutions : their offices cannot be closed, their officers withdrawn, and their books removed, without great inconvenience and danger to the public. It was no doubt upon this principle, that the venue was changed in the case of *Kerr* v. *The Bank of New Brunswick,* 1 *South. R.* 363.

But it remains to be considered;

3dly—Whether in this case, the county of Bergen, is one of the places, to which, under the provisions of the act, the court may in its discretion remove the venue?

We may carry the venue, to the county in which the cause of action arose; but in this instance, it did not wholly arise in any one county, and so far as it is for services rendered and money paid, it arose partly in Sussex, Warren and Morris counties. To either of those counties, therefore, within the spirit of the act, we might remove the venue. But in addition to this, it may be remarked, that though the corporation cannot be said in strict legal language, to " reside " in Bergen county, yet so far at least as its banking operations are concerned, it is located *there*, by the 18th Section of the charter; *there*, in point of fact, *it existed*, had its office, and place of business; and *there*, as was stated, and not denied upon the argument, *the process* was served upon *it*, or upon its officers, which is the same thing.

Upon the whole, therefore, we are of opinion, the venue may lawfully be changed to Bergen county; and in view of the fact, that the court house in that county, is within so short a distance from Jersey City, that the officers of the company, with its books, may go and return in a few hours, while the court-house in Sussex, is nearly sixty miles distant, we feel it our duty to make the rule in this case, absolute.

FORD, J. concurred.

RYERSON, J. gave no opinion, having been of counsel in the case.

*Rule made Absolute.*

CITED in *Thorn* v. *Cen. R. R. Co.,* 2 *Dutch.* 121.