JOHN L. OVERSTREET, JR., v. WILLIAM H. BAXTER, *et al.*

MORTGAGE, *Transaction in the Nature of.* Where a petition sets out a con-
veyance and an agreement to reconvey, and alleges in general terms
that the conveyance was made for the purpose of securing a certain sum
of money with interest, *held*, that it discloses a transaction in the nature
of a mortgage; and this notwithstanding no note or other evidence
of indebtedness is set forth, and there is no specific allegation of the
making of a loan, or the creation of an indebtedness in any other way,
and although the agreement to reconvey in terms recites that it is to be-
come void at the expiration of a certain time.

### Error from Butler District Court.

AT the February Term, 1882, of the district court, defend-
ants *William H. Baxter* and wife recovered a judgment
against plaintiff *Overstreet*, who brings the case here. The
opinion states the facts.

*Knowles & Sumner*, for plaintiff in error.

*A. L. Redden*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, brought
his action in the district court of Butler county. Upon trial,
the defendants obtained judgment, and plaintiff alleges error.
So far as respects the question made by the defendants, as to
the time in which the record was filed in this court, it has
already been decided adversely to their contention in the
cases of *Osborne, Ex'r, v. Young*, 28 Kas. 769; *Thompson v.
W. & W. Mfg. Co.*, 29 Kas. 476.

Turning now to the error alleged by plaintiff, the facts are
these: The petition charged—

"1. That on the 11th day of July, 1879, the plaintiff John
L. Overstreet, Jr., was the owner in fee simple of the follow-
ing-described land situated in Butler county, state of Kansas,
viz.: The south half of the southwest quarter of section No.
13, township No. 28, south, of range 7, east.· And being such
owner on said last-mentioned day, plaintiff, for the purpose

of securing to the said William H. Baxter, one of the defend-ants herein, the sum of seventy-five dollars with interest at twelve per cent from date, conveyed by warranty deed the said land above described to said William H. Baxter, one of the defendants herein, a copy of which deed is hereto attached, marked 'A,' and made a part of this petition.

" 2. That at the same time the said defendants, William H. Baxter and Mary Baxter, the wife of said William H. Baxter, made and executed an agreement in writing, and deliv-ered the same to this plaintiff, which said agreement is hereto attached, marked 'B,' and made a part of this petition."

Of these two exhibits, the first is an ordinary warranty deed conveying the land in consideration for the sum of $75.   The other is an agreement to reconvey upon the payment of $75, with 12 per cent. interest from date, as well as the cost of the deed, with a proviso that the money is to be paid within thirty days, or the contract is to be void and Baxter will be the exclusive owner of said land.   The petition further alleged a full tender, though not till long after the expiration of the thirty days.   The district court sustained an objection to the introduction of testimony, on the ground that the petition did not state facts constituting any cause of action; and this is the ruling complained of.

The ruling is sought to be sustained upon the ground that the transaction disclosed  was simply a conditional sale, with time of the substance of the contract, and that the time having elapsed, all rights of the plaintiff had ceased.   We do not so interpret the force of the petition.   It alleges that the deed was executed for the purpose of securing to Baxter the sum of $75, with interest; and if the transaction was for the mere purpose of security, then no matter in what form the instru-ments are executed, equity will enforce them according to the intent.   Counsel argues that the petition nowhere states that plaintiff executed any note or other evidence of indebtedness, or that he was at that time indebted to defendants, or that they made him any loan, or that the deed was intended as a mortgage, but that it rests plaintiff's rights upon the agree-ment for a reconveyance, and that he has no greater rights

than it gives.   He claims that this case comes squarely within the rule laid down in *McNamara v. Culver*, 22 Kas. 616, and *Eckert v. McBee*, 27 Kas. 232, that where there is no debt there is no mortgage.   We disagree with this claim; for where an instrument is security there is some debt or obligation which is secured, and it matters not that a note or other evidence of indebtedness was never executed, nor is it material in what manner the debt was created.   The allegation is that the conveyance was as security for the payment of money.   If there was any lack of definiteness or fullness in these allegations, the defect should have been challenged by motion, and cannot be reached by an objection to the introduction of testimony.   Of course we cannot anticipate what the testimony would have proved, but the petition sufficiently charges that the two instruments were intended as a mortgage, and "once a mortgage, always a mortgage," is a familiar rule.

The judgment of the district court must be reversed, and the case remanded for a new trial.

All the Justices concurring.