737 A.2d 1164 (1999)
325 N.J. Super. 122
Carol PEACE, Plaintiff,
v.
James PEACE, Defendant.
Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County.
Decided May 13, 1999.
*1165 Carol Peace, plaintiff pro se.
James Peace, defendant pro se.
TODD, J.S.C.
This opinion addresses jurisdictional issues related to the court's authority to modify child support obligations established in prior litigation in this state and in the State of Nevada. The dispute presented here illustrates the type of inquiries which may be necessary in resolving questions as to jurisdiction under the Uniform Interstate Family Support Act (hereinafter "UIFSA"), enacted in New Jersey on March 5, 1998. N.J.S.A. 2A:4-30.65 to 2A:4-30.122. This opinion specifically addresses the question of whether divorce proceedings initiated in Nevada somehow divested the New Jersey court of authority to review and modify support orders properly entered here previously. In that context, this matter also deals with the problems presented as the result of the entry of inconsistent orders in separate jurisdictions which can now be resolved with some uniformity under UIFSA. Like New Jersey, Nevada has also adopted UIFSA and codified it in its state statutes. See NEV. REV. STAT. 130.0902-130.802. Notably, Congress mandated that every state must adopt UIFSA, including any amendments, by January 1, 1998, to provide structure and unity in each state's approach to the modification and enforcement of child support orders. 42 U.S.C.A. § 666(f).
A brief review of the history of this matter is appropriate. Plaintiff and defendant were married and had one child together, born in New Jersey in 1983. The parties originally resided in New Jersey with their child until they separated sometime in the 1980's. Defendant apparently remained in New Jersey for sometime following the separation, but eventually relocated to Nevada where he remains today. Plaintiff and the parties' child have remained in New Jersey.
In November 1987, following the separation but apparently before defendant's relocation to Nevada, plaintiff filed a complaint for child support in New Jersey. The parties resolved that matter by consent, with a formal order entered in December 1987 in Atlantic County requiring defendant to pay plaintiff $50 per week in child support. Under the terms of that order defendant's support payments were to be made through the agency charged with enforcing support orders. Sometime after the entry of that order, the defendant moved to Nevada and filed for divorce in that state. A divorce decree was entered in Nevada sometime after the November 1987 New Jersey support order.
The defendant in this action was the plaintiff in the ensuing Nevada divorce action. For the purpose of clarity in this opinion, this Court will hereinafter refer to the plaintiff, Carol Peace, as the Wife. The defendant, James Peace, will be referred to as the Husband.
The State of Nevada apparently assumed jurisdiction over the parties' marriage based on the Husband's establishment of residency there. The divorce decree dissolved the marriage on the grounds of incompatibility and incorporated a Property Settlement Agreement (hereinafter "Agreement") that had been signed by both parties. The actual divorce decree was silent as to child support, except for some form language providing notice of the rights and responsibilities of parents who are responsible for paying child support. The Agreement, however, expressly dealt with the issue of child support. It indicated that the Husband resided in Nevada, and that the Wife resided in New Jersey with the child. The parties had agreed that the Husband was to pay the Wife $100.00 biweekly for child support. That Agreement did not mention the New Jersey child support order, but the $100 biweekly figure agreed to *1166 by the parties in the Agreement was identical to the $50 per week amount previously established by the New Jersey court in November, 1987. The Husband signed the agreement in Nevada and the Wife signed the Agreement in New Jersey. These circumstances present the issue of whether the Wife somehow submitted to the jurisdiction of the Nevada court, with respect to the issue of child support, and therefore divested the New Jersey court of authority to deal with the child support issue. That potential dispute has been reflected in subsequent proceedings in both states, and in the litigation leading to this opinion. The court intends to resolve the dispute with finality.
In 1990, following the entry of the Nevada divorce decree, the Wife applied to the court in New Jersey for an increase of the Husband's child support obligation. The ensuing order indicates that the Husband did not respond to that application. This court increased the Husband's child support obligation to $85 per week. The court executed a formal order in September 1990.
Approximately five years later, in 1995, the Wife again filed a motion in New Jersey, requesting an additional increase of child support. That application was denied based on the court's finding that the Wife had failed to establish a sufficient change in circumstances to warrant a review. See Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980). At the same time, the court acknowledged that the Husband disputed New Jersey's jurisdiction over the matter. The court further acknowledged that the Husband had relied on the opinion of certain officials in the Office of the District Attorney in Nevada, who indicated, in various letters sent to the Husband, that Nevada, and not New Jersey, should have jurisdiction over the issue of child support.
In any event, this court found that New Jersey retained jurisdiction to review and modify its prior child support order, also noting that the Wife could pursue enforcement in both New Jersey and Nevada. It bears noting that throughout those prior proceedings, interstate child support disputes were generally governed by the Uniform Reciprocal Enforcement of Support Act (hereinafter "URESA") which was formerly codified in New Jersey statutes but later repealed. N.J.S.A. 2A:4-30.24 to 2A:4-30.61 repealed by N.J.S.A. 2A:4-30.65 to 2A:4-30.122. In addition, the courts have also looked to the Full Faith and Credit for Child Support Orders Act (hereinafter "FFCCSOA") for guidance. 28 U.S.C.A. § 1738B. Under URESA and FFCCSOA, results were often inconsistent since parties became involved in litigation in a number of different jurisdictions. See Banks v. Banks, 221 N.J.Super. 282, 534 A.2d 419 (App.Div.1987) (holding that provisions of an original New Jersey support order remained enforceable and were not vacated by subsequent order entered in Tennessee under URESA); see also Drobney v. Drobney, 146 N.J.Super. 317, 369 A.2d 963 (App.Div.1977) (finding that URESA is not the exclusive remedy by which spouse who resides in New Jersey may seek modification in support payments from spouse who resides in another state); see also Bednarsh v. Bednarsh, 282 N.J.Super. 482, 660 A.2d 575 (Ch.Div.1995) (involving the debate over the application of the FFCCSOA to orders entered in New Jersey and Florida); see also Kelly v. Otte, 123 N.C.App. 585, 474 S.E.2d 131 (1996) (exploring the effect of the FFCCSOA on the now-repealed North Carolina URESA when parties were divorced in New Jersey and plaintiff later moved to North Carolina.) Indeed, the case at bar illustrates the specific problem of litigation in multiple jurisdictions with inconsistent results, as noted above. Congress intended that UIFSA address this type of problem.
This matter is now before the court as a result of Wife's third application for an increase in support, filed in November 1998. Notably, UIFSA was enacted after *1167 the Wife's court appearance in this case in 1995, but before the present application was filed. UIFSA now provides a comprehensive framework for dealing with the jurisdictional problems at hand. Before this court can address the merits of Wife's request for an increase of the child support amount, the question of jurisdiction must be resolved. As noted above, this inquiry is governed by UIFSA, which has been enacted in both New Jersey and Nevada.
Under UIFSA, jurisdictional disputes are resolved by reference to the concept of "continuing, exclusive jurisdiction." See N.J.S.A. 2A:4-30.72. That is a term of art that is essential to the statutory framework used to resolve disputes involving orders which have been or may be entered in different jurisdictions. N.J.S.A. 2A:4-30.72a specifically provides:
A tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a child support order:
(1) as long as this State remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
(2) until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.
As will be discussed below, there may still be instances when more than one state has continuing, exclusive jurisdiction. In those cases, the statutory scheme provides guidance as to which state is vested with ultimate authority to review and modify child support orders. The first step in the analysis of that issue is a determination as to which state has issued the controlling order. That issue is addressed in N.J.S.A. 2A: 4-30.74b which provides:
b. If a proceeding is brought under this act, and two or more child support orders have been issued by tribunals of this State or another state with regard to the same obligor and child, a tribunal of this State shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:
(1) If only one of the tribunals would have continuing, exclusive jurisdiction under this act, the order of that tribunal controls and shall be so recognized.
(2) If more than one of the tribunals would have continuing, exclusive jurisdiction under this act, an order issued by a tribunal in the current home state of the child shall be recognized, but if an order has not been issued in the current home state of the child, the order most recently issued controls and shall be recognized. See N.J.S.A. 2A:4-30.74.
Other jurisdictions will then be required to enforce that state's orders and UIFSA provides a framework for the registration of orders from another state. See N.J.S.A. 2A: 4-30.103.
The initial inquiry here is which state or states have continuing, exclusive jurisdiction. If the court then finds that more than one state has continuing, exclusive jurisdiction, the court must then determine which state has issued the order that controls, commonly referred to as the controlling order, pursuant to N.J.S.A. 2A:4-30.74b(2). Therefore, the first issue to be resolved is which state has continuing, exclusive jurisdiction.
In the case at bar, New Jersey issued child support orders in 1987, 1990 and 1995. In addition, New Jersey is the state where both the obligee and the child continue to reside. Therefore, absent the written consent contemplated by the statute, it would appear that New Jersey has continuing, exclusive jurisdiction. The question presented here is whether New Jersey somehow subsequently lost continuing, exclusive jurisdiction in conjunction with the prior divorce proceedings in Nevada. Since it is clear that New Jersey has continuing, exclusive jurisdiction, the *1168 court must then turn to the question of whether the actions of the parties provided the necessary consent for Nevada to assume continuing, exclusive jurisdiction.
UIFSA provides that continuing, exclusive jurisdiction of one state may be waived if the individual parties have filed written consents with the issuing state for another state to assume continuing, exclusive jurisdiction. See N.J.S.A. 2A:4-30.72a(2). Specifically, this portion of the statute provides: "A tribunal of this State... has continuing exclusive jurisdiction... until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction." Id. Husband has questioned this court's authority to deal with the matter, relying in part on the position taken by the authorities in Nevada in the 1990's, as discussed above. In essence, the Husband suggests that by entering into the Agreement to be incorporated into the Nevada divorce decree, the Wife consented to the transfer of jurisdiction of this matter from New Jersey to Nevada. It is left to this court, then, to decide if that action rises to the level of consent as contemplated by UIFSA.
The only document before this court suggesting the type of consent at issue is the Agreement that was incorporated into the parties' Nevada divorce decree. Obviously, the Agreement was drafted and signed long before the enactment of UIFSA. This court is satisfied, however, that a party who has agreed to defer jurisdiction to another state, prior to the enaction of UIFSA, should be bound by that consent in subsequent proceedings. By the same token, it would obviously not be practical to require compliance with the unique provisions of UIFSA, such as specific notice requirements to the issuing state, before the statute was enacted. However, deferral of jurisdiction is not a concept unique to UIFSA, and therefore the parties could have consented to that deferral prior to the enaction of the statute.
As noted above, the Agreement was silent as to the existing New Jersey child support order. However, this court looks to the Agreement to see if, despite the failure to mention the New Jersey child support order, there is any indication of the parties' consent for Nevada to assume jurisdiction over the child support and deprive New Jersey of the authority to act on an ongoing basis. That consent is simply not there, either express or implied. In fact, since the amount of child support in the Agreement is the same as the amount in the 1987 New Jersey order, it can be assumed that the Agreement was simply confirming the New Jersey order. It might be argued that the Agreement should have mentioned the New Jersey child support order and, consequently, that such an omission was an implied consent to a waiver of New Jersey's continuing, exclusive jurisdiction over the child support order. Indeed, had the parties clearly indicated at the time of their divorce a choice of a state for jurisdiction over child support, they would have saved themselves what has become years of repetitive litigation. See Leavitt v. Leavitt, 223 N.J.Super. 80, 538 A.2d 365 (App.Div. 1987) (holding that parties to a child support agreement could agree that modification or enforcement issues be presented in a designated state where the person seeking enforcement and the subject of the support order remain residents of that state). However, whether through fault or neglect, the Agreement was silent as to the existing New Jersey support order. The question then becomes whether that omission rose to the level of consent.
The perplexing question of what constitutes "consent" has been addressed previously by a New Jersey court in the context of the FFCCSOA. 28 U.S.C.A. § 1738B. In Bednarsh v. Bednarsh, 282 N.J.Super. 482, 660 A.2d 575 (1995), the court was presented with a case in which a parent requested that a New Jersey court modify *1169 a Florida child support order. At the time, UIFSA had not been enacted and states looked to the Federal statute for guidance in interstate child support cases. Although the facts of that case are not identical to the case at bar, the court did address the concept of continuing, exclusive jurisdiction. The court defined the issue as "[C]an [consent] be given by a written submission which fails to refer to the [previous] child support order under circumstances which would appear to warrant its mention?" Id. at 488, 660 A.2d 575. The court found that consent to a subsequent court's modification of another state's child support order should be found only upon a clear showing that the parties knowingly and voluntarily desired that result. Id. at 489, 660 A.2d 575.
As noted above, UIFSA expressly requires the written consent of both parties to divest a state of its continuing, exclusive jurisdiction. N.J.S.A. 2A:4-30.72a(2). Therefore, it would be inappropriate to find consent without a clear expression of specific intent to defer jurisdiction, as contemplated by UIFSA. It follows, then, that since there was no written consent filed by both parties, New Jersey was not deprived of continuing, exclusive jurisdiction over the child support obligation in this case by consent.
Although New Jersey retained continuing, exclusive jurisdiction, Nevada also issued an order [the divorce decree] and remains the residence of the Husband. It appears that because both Nevada and New Jersey have issued an order and remain the residence of a party, each has continuing, exclusive jurisdiction, as defined by UIFSA.
As noted above, more than one state can have continuing, exclusive jurisdiction under UIFSA. This appears on its face to be a contradiction in terms. Following the framework set forth in N.J.S.A. 2A:4-30.74b(2), the court must determine which state has issued the controlling order. Generally, the order issued " ... in the current home state of the child shall be recognized...." See N.J.S.A. 2A:4-30.74b(2). Conversely, it follows then, that, even though the other state, which is not the home state of the child, may theoretically have continuing, exclusive jurisdiction, the statute provides that only the controlling orders from the home state of the child be recognized. See N.J.S.A. 2A:4-30.74d.
In this case, the child's home state is New Jersey. Therefore, New Jersey is the state with the controlling order. Conversely, Nevada's orders do not control. Nevada, as the state of residence of the obligor, is charged with enforcing the order. See N.J.S.A. 2A:4-30.103. Accordingly, any applications to modify Husband's child support obligation must be pursued in the New Jersey court.
The court confirms that UIFSA governs this matter and, pursuant to that statute, New Jersey has continuing, exclusive jurisdiction over the child support obligation in this case. Furthermore, both parties did not satisfactorily consent to deferring jurisdiction to Nevada. New Jersey has issued the controlling order since it is the residence of the child. Therefore, it is proper for New Jersey to review the child support obligation in this case. That review has now been conducted, as requested by the Wife.
In a separate opinion, the court found a change in circumstances justifying a review and ordered an increase in the Husband's child support obligation to $128 per week. An appropriate order has been executed and filed. Consistent with the findings above, future applications for modification of this order shall be properly laid in New Jersey.