*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-FM-186

KELLIE SEWELL, APPELLANT,

v.

CURTIS WALKER, JR., APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(DRB-2855-08)

(Hon. Carmen G. McLean, Trial Judge)

(Submitted January 27, 2022                    Decided July 28, 2022)

*Johnny M. Riddick* for appellant.

*Ronald A. Colbert* for appellee.

Before BECKWITH and MCLEESE, *Associate Judges*, and THOMPSON,[*] *Senior Judge*.

MCLEESE, *Associate Judge*: Appellant Kellie Sewell challenges an order dismissing for lack of jurisdiction her motion to modify a child-support order. Although we uphold the trial court's ruling in part, we vacate the judgment and

---

[*] Senior Judge Thompson was an Associate Judge of the court at the time of submission. She began her service as a Senior Judge in February 2022.

remand the case for further proceedings to determine whether the Superior Court has jurisdiction.

## I.

Except as noted, the following facts appear to be undisputed. Ms. Sewell and appellee Curtis Walker, Jr. have one child together. The parties were awarded shared custody of the child, and Mr. Walker was ordered to pay child support.

Ms. Sewell moved to modify the support order in 2018. At the time of the motion, Ms. Sewell and the child resided in Maryland. Mr. Walker moved to dismiss for lack of jurisdiction, claiming that he had resided in Maryland since 2012. *See* D.C. Code § 46-352.05(a)(1) (District of Columbia courts have continuing jurisdiction to modify child-support award if child or either parent resides in D.C.). In support of that claim, Mr. Walker submitted an affidavit, a 2015 lease for a residence in Maryland, and a Maryland driver's license obtained in 2017.

Ms. Sewell opposed the motion to dismiss, making four arguments. First, Ms. Sewell argued that the Superior Court had jurisdiction even if Mr. Walker lived in Maryland, because Mr. Walker had consented to the exercise of jurisdiction by the

District of Columbia courts in 2016, in connection with an earlier motion to modify child support. *See* D.C. Code § 46-352.05(a)(2) (even if child and both parents do not reside in D.C., D.C. courts have continuing jurisdiction to modify child-support award if parties consent). Second, Ms. Sewell argued that Mr. Walker was equitably estopped from denying that he was a D.C. resident, because Mr. Walker had repeatedly claimed to be a D.C. resident. In support of that argument, Ms. Sewell submitted a 2014 D.C. driver's license bearing a D.C. address for Mr. Walker; a 2018 D.C. vehicle registration in Mr. Walker's name, also bearing a D.C. address; and 2018 D.C. public-school registration forms for the child, bearing Mr. Walker's name and a D.C. address. Third, Ms. Sewell argued that Mr. Walker in fact maintained a residence in D.C. Finally, Ms. Sewell argued that the Superior Court had continuing jurisdiction to modify the order even if the requirements of D.C. Code § 46-352.05(a) were not met.

At a hearing on the motion to dismiss, Mr. Walker testified that he was a resident of Maryland. After the hearing, the trial court granted the motion to dismiss. The trial court concluded that Mr. Walker's consent to D.C. jurisdiction in connection with the 2016 motion to modify did not constitute consent to D.C. jurisdiction in connection with the 2018 motion to modify. The trial court declined to consider Ms. Sewell's estoppel argument, reasoning that the parties could not

confer jurisdiction on the court through their conduct. On the underlying factual issue, the trial court found that Mr. Walker was not a D.C. resident. Finally, the trial court concluded that the Superior Court's continuing jurisdiction to modify child-support orders was limited to that provided in D.C. Code § 46-352.05(a).

## II.

On appeal, Ms. Sewell does not directly challenge the trial court's factual determination that Mr. Walker was not a D.C. resident. Ms. Sewell also does not argue on appeal that the Superior Court had continuing jurisdiction over the motion to modify even if the requirements of § 46-352.05(a) were not met. Ms. Sewell does raise an additional argument for the first time on appeal: that the trial court dismissed the case without permitting jurisdictional discovery. We decline to address that argument. Ms. Sewell did not request jurisdictional discovery at any point in the trial court. "We ordinarily do not consider issues raised for the first time on appeal." *Nwaneri v. Quinn Emanuel Urquhart & Sullivan*, 250 A.3d 1079, 1082 (D.C. 2021) (brackets and internal quotation marks omitted). We see no exceptional circumstances warranting a departure from that practice in this case. We therefore turn to the two arguments that Ms. Sewell raised in the trial court and presses in this court.

## A. Consent

As noted, § 46-352.06(a)(2) allows the D.C. courts to retain jurisdiction to modify a child-support order, even if the child and both parents are not D.C. residents, if the parties consent. Ms. Sewell points out that during the 2016 modification proceeding, at a time when Mr. Walker now claims to have been living in Maryland, Mr. Walker consented to the trial court's exercise of jurisdiction. Ms. Sewell argues that Mr. Walker's consent to jurisdiction in the 2016 modification proceeding should bind Mr. Walker in all subsequent modification proceedings. We decide that question of statutory interpretation de novo. *E.g.*, *In re G.D.L.*, 223 A.3d 100, 104 (D.C. 2020).

We agree with the trial court that Mr. Walker's prior consent in 2016 did not carry forward to this 2018 modification proceeding. Section 46-352.05(a)(2) refers to "consent" in the present tense, suggesting that the parties must consent to Superior Court jurisdiction in each particular modification proceeding. *See generally, e.g.*, *Gundy v. United States*, 139 S. Ct. 2116, 2127 (2019) ("[The Supreme] Court has often looked to Congress'[s] choice of verb tense to ascertain a statute's temporal reach . . . .") (internal quotation marks omitted). We need not decide that question, however. Even assuming that a party in one proceeding could give binding consent

to D.C.'s future exercise of authority to modify a child-support order in later proceedings, we see no indication that Mr. Walker did that in 2016. Rather, in the 2016 consent agreement, Mr. Walker consented to the modification then at issue and acknowledged that parties could jointly modify the agreement. The agreement says nothing about the jurisdiction of the Superior Court to modify child support in the future. We therefore hold that Mr. Walker did not consent to the Superior Court's exercise of jurisdiction to modify the child-support order in 2018.

Ms. Sewell raises the concern that parents could evade their duty to pay child support by simply moving out of the state that issued the child-support order. That concern is unwarranted. The Superior Court retains jurisdiction to *enforce* child-support orders it has issued, even if all relevant parties no longer live in D.C. D.C. Code § 42-352.06 (2022 Supp.). The issue in the present case is instead whether the Superior Court has authority to *modify* its child-support order.

## B. Estoppel

As noted, the trial court declined to consider Ms. Sewell's estoppel argument, concluding that estoppel could not confer subject-matter jurisdiction on the court. We conclude that further proceedings are necessary on this issue.

D.C. Code § 46-352.06 refers to the Superior Court's "jurisdiction" to modify child-support orders. That provision is one of a number of "territorial jurisdictional limitations" in the Uniform Interstate Family Support Act (UIFSA), as codified in the District of Columbia. *Upson v. Wallace*, 3 A.3d 1148, 1155 (D.C. 2010); D.C. Code § 46-301.01 et seq. "Although the UIFSA never speaks explicitly of 'subject matter jurisdiction,' the terms that it does use—'jurisdiction' and 'continuing exclusive jurisdiction'—are simply alternative ways of referring to subject matter jurisdiction and its territorial limitations." *Upson*, 3 A.3d at 1156.

"As a general rule, [lack of] subject matter jurisdiction may not be waived . . . ." *Upson*, 3 A.3d at 1155. As we explained in *Upson*, however, the UIFSA's jurisdictional limits are based on territorial considerations and so can be waived. *Id.* at 1155-56. We thus held in *Upson* that one parent had waived any objection to the Superior Court's authority to award child support, by failing to timely challenge the court's jurisdiction. *Id.* at 1156. Given that parties can waive an objection to lack of UIFSA jurisdiction through their conduct, it follows naturally that parties could also, in appropriate circumstances, be estopped from denying jurisdiction under the UIFSA. *See State ex rel. Child., Youth & Fams. Dep't v. Andree G.*, 174 P.3d 531, 536 (N.M. Ct. App. 2007) (claim of lack of jurisdiction under UIFSA "is subject to ordinary principles of waiver, estoppel, disfavor of

collateral attack, and res judicata"). We have located two opinions that are to the contrary. *Johnson v. Bradshaw*, 86 A.3d 760, 768-69 (N.J. Super. Ct. Ch. Div. 2014) (equitable estoppel cannot confer jurisdiction under UIFSA); *Stone v. Davis*, 55 Cal. Rptr. 3d 833, 837 (Ct. App. 2007) (in UIFSA case, court states that "[s]ubject matter jurisdiction cannot be conferred by estoppel"). Those decisions, however, do not appear to be consistent with the reasoning and holding of our decision in *Upson*.

We express no view on the merits of Ms. Sewell's contention that Mr. Walker should be equitably estopped from denying that he is a D.C. resident. Rather, we vacate the trial court's order and remand for the trial court to consider that argument.

For the foregoing reasons, we vacate the judgment of the Superior Court and remand the case for further proceedings.

*So ordered.*