53 N.J. Super. 424 (1959)
147 A.2d 568
MARIE P. ADAMS, PLAINTIFF-APPELLANT,
v.
PETER A. ADAMS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1958.
Briefs Submitted December 29, 1958.
Decided January 12, 1959.
*426 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Louis Santorf argued for the motion for respondent.
Mr. Maurice Levinthal argued against the motion for appellant (Messrs. Ward & Levinthal, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Respondent moves to dismiss appellant wife's appeal from a Chancery Division order modifying the final decree for separate maintenance that had been entered in her favor in 1939, on the ground that the appeal was not taken and filed within the 10-day time limitation provided by R.R. 1:3-1(c).
The parties were married in 1918 and had four children. The wife filed a bill for separate maintenance in 1936. The matter went to final hearing and was decided in her favor, the advisory master finding that her husband had abandoned *427 her without justifiable cause and had refused and neglected properly to maintain and provide for her and the children of the marriage. Adams v. Adams, 17 N.J. Misc. 234 (Ch. 1939). The final decree of separate maintenance, entered in our former Court of Chancery on October 20, 1939, provided that respondent pay appellant $200 weekly for the support and maintenance of herself and the four children. That sum was regularly paid down to December 20, 1957, despite the fact that all of the children had become of age during the intervening period and, in fact, two of them had died.
On November 20, 1957 respondent husband filed a notice of motion in the Chancery Division to modify the final decree so as to provide only for the reasonable support and maintenance of the wife. The matter came on for hearing in regular course, and eventually the Chancery Division judge, after filing an opinion, signed the order of September 5, 1958 here under appeal. That order modified the separate maintenance decree of 1939, nunc pro tunc, and allocated the weekly payment of $200 as follows: $75 a week to appellant for her support and maintenance, and $31.25 for the support and maintenance of each of the four children; and then further modified that decree by ordering respondent to pay appellant $75 a week for her support and maintenance, commencing as of December 20, 1957, and vacating the provision for payment of $31.25 a week for each child.
Appellant served her notice of appeal upon respondent's attorney on October 15, 1958 and filed it with the court the next day  41 days after entry of the order. Her attorney ordered a transcript of the Chancery Division hearing and subsequently filed an appendix and brief on November 26, 1958.
It was not until December 3, 1958 that respondent filed his motion to dismiss the appeal, the asserted ground being that the order of September 5, 1958 was an interlocutory order modifying the final decree of our former Court of Chancery. Respondent contends that the ten days which appellant had to appeal an interlocutory order (R.R. *428 1:3-1(c)), as well as the 30-day period within which she might have applied for an extension of time to appeal (R.R. 1:27B(d)), had run, thereby vesting respondent with an absolute right to have the entire matter terminated, subject only to the continuing power of the Chancery Division to deal from time to time thereafter with the amount he should pay his wife by way of support, in the light of her needs and the financial circumstances of the parties.
Although the question has never been expressly decided in this State  perhaps because the answer is so obvious  the decision in Martindell v. Martindell, 21 N.J. 341 (1956), was based upon the unquestioned assumption that the modification of a support decree is a final judgment for purposes of appeal. In that case defendant filed notice of appeal eight days beyond the 45-day limit provided by R.R. 1:3-1(b) for final judgments. The Appellate Division refused to grant him an extension of time to appeal under R.R. 1:27B(d). The Supreme Court held that defendant's application should have been granted under the particular circumstances present, and accordingly denied plaintiff's motion to dismiss the appeal and proceeded to decide the case on the merits. Had the court in Martindell considered as interlocutory the Chancery Division order modifying the alimony provision of the original divorce decree, there would have been no reason for relaxing the normal ten-day limit, or indeed for extending it 30 days, because more than 40 days had elapsed since entry of the order.
We consider the assumption in Martindell well founded. That Martindell dealt with the alimony provision of a divorce decree, now covered by N.J.S. 2A:34-23, and the present case with separate maintenance, the subject of N.J.S. 2A:34-24, is of no significance. The two sections are cognate. Turi v. Turi, 34 N.J. Super. 313, 320 (App. Div. 1955). Only a misconception of the basic theory of what constitutes a final judgment could engender any doubt that the order here under appeal is final in quality.
General definitions are frequently deceptive and of little assistance in the resolution of problems involving the *429 peripheral applicability of legal doctrines. But where the immediate issue does not concern the farthest reach and most extreme application of a rule, but rather a situation which falls squarely within it no matter which of various formulae might be adopted, such definitions may be helpful.
Ordinarily, a final judgment or order is one that "finally disposes of, adjudicates, or determines the rights, or some right or rights, of the parties, either on the entire controversy or on some definite and separate branch thereof, and which concludes them until it is reversed or set aside; one which disposes of the cause, or a distinct branch thereof, reserving no further question, decision, or direction for future determination; * * *." 4 C.J.S., Appeal and Error, § 94, p. 251 ff (1957). And see 2 Am. Jur., Appeal and Error, § 22, p. 860 (1936).
On the other hand, an interlocutory judgment is defined as one "given in the middle of a cause on some plea, proceeding or default which is only intermediate and does not finally determine or complete the suit. Such orders or decrees relate to questions of law or practice settling only some intervening matter, collateral to the issue and not touching the merits of the action." 4 C.J.S., above, § 94, p. 263; 2 Am. Jur., above, § 23, p. 863.
In the light of these definitions, the order under appeal, being one that determines the rights of the parties on some definite and separate branch of the controversy, and not merely settling some intervening matter collateral to the issue, would plainly be a final judgment for purposes of appeal.
We considered one aspect of the problem in In re Old Colony Coal Co., 49 N.J. Super. 117 (App. Div. 1958), where we were asked to review the action of the Hudson County Court in vacating all prior proceedings taken before it and transferring the case to the Surrogate of Essex County, on the ground that jurisdiction of the cause lay exclusively in that county. We held the trial court's order interlocutory, noting that its action was merely one step in a continuing matter. We observed that
*430 "* * * The general key to determining whether a particular order is interlocutory or final turns on the question of whether it disposes of all of the issues in controversy and as to all parties * * * The County Court determination that it did not have jurisdiction, and its vacating of the proceedings leading up to the order approving the offer for sale, did not terminate the administration of the assets * * *. The vacating order was akin to an order granting a new trial. The latter has always been considered interlocutory; the litigation goes on. * * *" (49 N.J. Super. at page 123)
The Supreme Court had earlier declared that to be considered final for purposes of appeal, a judgment "must be final in the suit, not as to an intermediate or incidental particular but in regard to the principal matter in controversy." In re Url's Estate, 5 N.J. 507, 513 (1950). And see Petersen v. Falzarano, 6 N.J. 447, 453 (1951).
Respondent husband argues that the only final judgment in the case is the 1939 Chancery decree. He characterizes the order under appeal as amounting to little more than an amendment thereof. We view that order for appeal purposes as a new and different judgment, based on a changed set of facts. But even were we to adopt respondent's characterization and consider the order an amendment, it is an amendment which substantially alters the 1939 decree, rather than one which merely corrects a clerical or procedural error. Accordingly, the time for appeal would run from the date of the amendment. See City of Newark v. Fischer, 3 N.J. 488, 492-493 (1950); Winberry v. Salisbury, 5 N.J. Super. 30, 35 (App. Div. 1949), affirmed 5 N.J. 240 (1950). Here the "amendment" followed a renewed dispute as to the amount properly payable by respondent to his wife, with an extended hearing as to her need and his means, so that the Chancery Division order which eventuated goes to the substance of the earlier decree.
Actually, what the order under appeal did was to reopen and vacate the support and maintenance provisions of the earlier decree, and to substitute in their place a provision which, in the opinion of the Chancery Division judge, more accurately and realistically reflected the present situation of the parties. As to the finality of that order, there can be *431 no question. It did wind up the matter; the litigation does not go on, at least on the trial level. The counter-argument made by respondent that the order cannot be deemed final because the Chancery Division has continuing jurisdiction to consider an application by either party for a change in the amount of support to be paid, does not affect our conclusion. In the first place, it is by no means certain that either party will make such an application. Secondly, if such an application for modification were made, it would require a reconsideration of all the circumstances of the parties, to determine whether there had been any significant change therein warranting a different allowance.
For the time being, the amount of support and maintenance to which appellant is entitled has effectively and finally been disposed of by the Chancery Division judge. There is nothing further pending determination before him; the controversy has been fully adjudicated.
Respondent's motion to dismiss the appeal is accordingly denied, with costs to appellant.