**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3880-14T4

AMY SCOTT,

    Plaintiff-Respondent,

v.

GREGORY SCOTT,

    Defendant-Appellant.

_____

> Argued January 19, 2017 — Decided May 15, 2017
>
> Before Judges Fuentes, Simonelli and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1941-06.
>
> Gregory Scott, appellant, argued the cause pro se.
>
> Kenneth R. Rush argued the cause for respondent (DiLorenzo & Rush, attorneys; Mr. Rush, of counsel and on the brief).

PER CURIAM

    In this post-judgment matrimonial matter, defendant Gregory Scott appeals from numerous Family Part orders entered between September 25, 2013, and September 30, 2015. For the reasons that

follow, we conclude that defendant's appeal from the orders entered on September 25, 2013, January 2, 2014, and April 11, 2014, is untimely, and affirm as to all other orders.

We recite that part of the procedural history and record pertinent to this appeal. Defendant and plaintiff Amy Scott were married in August 1993, and divorced in June 2007. Three children were born of the marriage. Pursuant to the parties Property Settlement Agreement (PSA), which was incorporated into their Dual Final Judgment of Divorce, the parties had joint legal and shared physical custody of the children, with plaintiff as the children's parent of primary residence. The PSA required defendant to pay $1205 per month ($280.23 per week) for child support, commencing July 1, 2007, and set his parenting time on alternate weekends commencing on Friday at 6:00 p.m. and continuing overnight until Sunday at 8:00 p.m., and every Wednesday from 6:00 p.m. until Thursday morning when defendant would take the children to school. The PSA also required the parties to pay for the children's extracurricular activity and medical expenses in proportion to their incomes as established by the Child Support Guidelines.

In December 2010, plaintiff filed a motion to enforce the PSA's child support provisions as a result of defendant's unilateral decision to reduce his support payments and failure to pay his share of the children's extracurricular activity and

unreimbursed medical expenses. On January 20, 2011, defendant filed a cross-motion to modify his support payments based on an alleged reduction in income.

On May 17, 2011, the court entered an order scheduling the matter for a plenary hearing and directing the parties to exchange discovery. The order limited the factual issues to be addressed at the hearing to the parties' income; alimony and child support modification; alimony arrears; and the children's unreimbursed extracurricular activity and medical expenses.

Following a seven-day hearing and the parties' submission of post-hearing briefs, the court entered an order and written opinion on September 25, 2013, ordering defendant to pay plaintiff $23,483.96 for unreimbursed extracurricular activity and medical expenses and $8400 for counsel fees, and setting an allocation between the parties for college expenses. The court modified defendant's child support obligation to $271 per week, retroactive to January 20, 2011. However, the court incorrectly used the sole parenting worksheet to calculate child support, and the worksheet incorrectly denoted that defendant had no parenting time, whereas, he had shared physical custody of and 104 overnights with the children as per the PSA.

On October 16, 2013, defendant filed a motion for reconsideration of the September 25, 2013 order, challenging the

sufficiency of the evidence presented at the hearing and the court's incorrect use of the sole parenting time worksheet to calculate child support. On January 2, 2014, the court entered an order denying the motion; ordering defendant to make the payments required by the September 25, 2013 order; and entering judgment against defendant in the amount of those payments. The order also directed plaintiff's attorney to recalculate child support, retroactive to January 20, 2011, using the correct worksheet.

On January 23, 2014, defendant filed a motion for reconsideration of the January 2, 2014 order. Defendant sought a recalculation of child support, vacatur of the counsel fee award, and a new plenary hearing. Thereafter, on April 9, 2014, plaintiff's attorney submitted a recalculation of defendant's child support obligation at $197 per week, using the shared parenting worksheet and including the 104 overnights defendant had with the children.

On April 11, 2014, the court entered an order and written opinion denying defendant's motion for reconsideration. The order permitted defendant to either challenge the child support recalculation by pointing out to plaintiff's counsel any error in data put into the program to see if they can agree on a number, or do his own calculation and ask the court to adopt it. Defendant

claimed that he contacted plaintiff's attorney and pointed out errors in the healthcare costs, but the attorney failed to submit a new calculation. Plaintiff claimed that her attorney could not submit a new calculation because defendant never supplied information for a recalculation. In any event, defendant did not submit his own calculation to the court, as permitted by the April 11, 2013 order, and did not appeal from the September 25, 2013, January 2, 2014, or April 11, 2014 orders.

Defendant's time to appeal these three orders had long expired when he filed a motion on November 14, 2014, for a recalculation and modification of his child support obligation retroactive to January 20, 2011. Defendant based this motion on the court's incorrect use of the sole parenting worksheet in the September 25, 2013 order and the failure of plaintiff's attorney to submit a new calculation.

On February 13, 2015, the court entered an order and written opinion, modifying defendant's child support obligation to $118 per week retroactive to November 14, 2014, the motion filing date. The court considered the current financial information and recent overnight figures the parties had submitted, and used the shared parenting worksheet to claculate defendant's current child support obligation. Citing N.J.S.A. 2A:17-56.23a, the court declined to modify defendant's child support obligation retroactive to January

20, 2011. The court found that the April 11, 2014 order, which permitted defendant to challenge plaintiff's attorney's recalculation of child support, did not preserve defendant's right to challenge the January 20, 2011 order or to apply and to retroactively seek to modify his child support obligation to January 20, 2011.

On March 12, 2015, defendant filed a motion for reconsideration of the February 13, 2015 order, again seeking to modify his child support obligation retroactive to January 20, 2011. Finding no grounds for reconsideration, the court entered an order and written opinion on April 10, 2015, denying the motion.

Defendant filed a notice of appeal on April 23, 2015, appealing from all orders entered from September 25, 2013, to April 10, 2015. While the appeal was pending, on June 2, 2015, defendant filed a motion to enforce litigant's rights, seeking, to compel plaintiff to satisfy her PSA-required financial obligations regarding the former marital home, among other things. The court entered an order on July 24, 2015, finding plaintiff in violation of litigant's rights, and imposing a $200-per-day sanction against her if she remained non-compliant with paying outstanding tax liens and other obligations on the former marital home after sixty days.

Plaintiff filed a motion for reconsideration of the July 24, 2015 order, arguing that the court did not consider her opposition to defendant's motion because it was not timely filed. In her opposition, plaintiff noted her financial problems caused by defendant's failure to pay alimony, the children's unreimbursed extracurricular activity expenses, and his share of college expenses, which she paid. Plaintiff certified that defendant had $31,475.84 in alimony arrears.

The court considered plaintiff's opposition and entered an order on September 30, 2015, granting her motion in part. The court removed the monetary sanction imposed by the July 24, 2015 order based on the accrual of significant alimony arrears and defendant's failure to pay for the children's unreimbursed extracurricular activity and medical expenses. The court stated that if defendant remained in arrears after this court decided the this appeal, plaintiff could apply to the trial court to have the arrears and/or judgments applied either as reimbursement for payments toward the tax lien or have defendant contribute directly toward the tax lien in the arrears amount. This court granted defendant's motion to include the September 30, 2015 order in this appeal.

We first address the untimeliness of defendant's appeal from the orders entered on September 25, 2013, January 2, 2014, and

April 11, 2014.  "An appeal from a final judgment must be filed with the Appellate Division within forty-five days of its entry, R. 2:4-1, and served upon all other parties, R. 2:5-1(a)." Lombardi v. Masso, 207 N.J. 517, 540 (2011).  Rule 2:4-1 circumscribes the scope of this court's authority.  In re Christie's Appointment of Perez as Public Member 7 of Rutgers Univ. Bd. of Governors, 436 N.J. Super. 575, 584 (App. Div. 2014). Where the appeal is untimely, we have no jurisdiction to decide the merits of the appeal.  Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97 n.4 (App. Div. 2014) (quoting In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990)).  Rule 2:4-4(a) permits a maximum thirty-day extension of time, but only if the notice of appeal was actually filed within the time as extended, see Lombardi, supra, 207 N.J. at 540-41, which did not occur here.  No further extension is permitted, and we are without jurisdiction to hear an appeal brought beyond the date permitted by Rule 2:4-4(a).  In re Hill, supra, 241 N.J. Super. at 372.

There is no question that a post-judgment order of the Family Part modifying a support decree is a final order for purposes of appeal.  Rule 2:4-1(a); Adams v. Adams, 53 N.J. Super. 424, 428 (App. Div.), certif. denied, 30 N.J. 151 (1959). Accordingly, the time for appeal would run from the date of the post-judgment order. Adams, supra, 53 N.J. Super. at 430.  Filing a motion for

reconsideration tolls the time to appeal a final post-judgment order.  R. 2:4-3(e).  Once the trial court enters an order disposing of the motion for reconsideration, the time within which to appeal begins to run again, and only the time remaining when the motion was filed is available.  Ibid.

Applying these principles to the procedural history of this case makes clear that defendant's attempt to appeal the orders of September 25, 2013, January 2, 2014, and April 11, 2014, is untimely and we are without jurisdiction to consider the arguments raised in Points 1 to 7 in defendant's merits brief relating to these orders.  Accordingly, we limit our review to defendant's appeal from the February 13, April 10, and September 30, 2015 orders.

Regarding the February 13, 2015 order, defendant argues that the court erred in failing to retroactively modify his child support obligation to January 20, 2011, and failing to consider the transcripts of hearings on November 22, 2013 and April 11, 2014 concerning plaintiff's counsel's obligation to submit a recalculation of child support.  Regarding the April 10, 2015 order, defendant argues that the court failed to consider all arguments raised in his motion for reconsideration of the February 13, 2015 order.  Regarding the September 30, 2015 order, defendant

argues that the court erred in removing the sanctions the July 24, 2015 order imposed against plaintiff.

We have considered these arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). However, we make the following brief comments.

N.J.S.A. 2A:17-56.23a provides a limitation on the extent to which a judge is authorized to retroactively modify a child support order. The statute specifies that any such retroactive modification shall be limited to the period between the date the motion for modification was filed and the date the order of modification was issued. The statute provides as follows, in pertinent part:

> No payment or installment of an order for child support, or those portions of an order which are allocated for child support . . . shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent.

The statute plainly and unequivocally bars the court from modifying retroactively a party's child support obligation to a date prior to the filing of the motion seeking that relief. Where, as here, a statute is clear and unambiguous, we are required to enforce the

law according to its terms. <u>State, Dep't of Law & Pub. Safety v. Bigham</u>, 119 <u>N.J.</u> 646, 651 (1990).

Lastly, <u>Rule</u> 1:10-3 allows a court, in its discretion, to impose sanctions on a non-obedient party who refuses to comply with a prior order. <u>See</u> <u>Milne v. Goldenberg</u>, 428 <u>N.J. Super.</u> 184, 198 (App. Div. 2012). Imposition of a sanction for a violation requires a showing that non-compliance was inexcusable, which means that the party had the ability to comply but did not. <u>Ibid.</u>

The court did not abuse its discretion by removing the monetary sanction against plaintiff imposed under the July 24, 2015 order. The court imposed the sanction without consideration of plaintiff's opposition to defendant's motion in aid of litigant's rights; plaintiff's non-compliance was excusable given defendant's failure to comply with his financial obligations toward her and the children.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                                 A-3880-14T4