**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0526-19T4

IRENE TORUNOGLU,

    Plaintiff-Respondent,

v.

ALPER TORUNOGLU,

    Defendant-Appellant.

_____

> Submitted September 16, 2020 – Decided October 14, 2020
>
> Before Judges Ostrer and Vernoia.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1229-17.
>
> Alper Torunoglu, appellant pro se.
>
> Irene Torunoglu, respondent pro se.

PER CURIAM

In this post-judgment matrimonial matter, defendant Alper Torunoglu appeals from Family Part orders denying his requests: for relief related to

plaintiff Irene Torunoglu's enrollment of the parties' two children in a new school district following her relocation from East Brunswick to South Brunswick; to hold plaintiff in contempt for allegedly violating the parties' final judgment of divorce; and for an award of attorney's fees incurred during post-judgment motion practice. Defendant also argues the court erred by requiring that he pay for a portion of the children's extracurricular activities fees; one half of the fees for the court-appointed parenting time coordinator; and mediation fees and expenses. Having reviewed the record in light of the applicable legal principles, we affirm in part, vacate in part, and remand for further proceedings in accordance with this opinion.

## I.

Plaintiff and defendant married in 2003 and divorced in 2017. They have two children. D.T. was born in 2007, and E.T. was born in 2010. The parties' October 11, 2017 dual final judgment of divorce incorporated a written agreement they reached during mediation (mediation agreement). In pertinent part, the mediation agreement provides that defendant's "parenting time shall be Wednesdays through Saturdays including overnights and on alternating weeks Thursdays through Saturdays including overnights during the academic school year." The mediation agreement also states "[t]here shall be no child support

paid from one [party] to the other with both parties assuming all obligations for child support based upon a shared parenting plan with [plaintiff] named as the parent of primary residence." Neither party appealed from the final judgment of divorce.

In November 2017, the parties agreed to modify the parenting time schedule to provide that the children would spend alternate weeks with each parent commencing at 7:00 p.m. each Sunday. The parties also agreed that on Wednesdays and Thursdays the children would stay overnight with the parent who did not otherwise have parenting time during the week.

During the marriage, and immediately following the divorce, the parties resided in East Brunswick. In June 2018, however, plaintiff moved from her East Brunswick residence to a home she purchased in South Brunswick. She unilaterally and without defendant's consent withdrew the children from the East Brunswick school district and enrolled them in the South Brunswick district. Defendant continued to reside in East Brunswick.

The August 15 and 24, 2018 Orders

In August 2018, defendant filed an order to show cause seeking an order: enforcing the parties' parenting time agreement; restraining plaintiff from transferring the children to the South Brunswick school district; requiring the

children attend school in East Brunswick; "restraining [p]laintiff from using a [p]arent of [p]rimary [r]esidence moniker"; and awarding defendant attorney's fees and costs. The court entered an August 15, 2018 order denying defendant's request for temporary restraints and scheduling the matter for a hearing.

On August 22, 2018, the parties appeared before the Family Part, were sworn in, and provided testimony and arguments in support of their respective positions. In an opinion from the bench two days later, the court found defendant was not a credible witness and plaintiff credibly testified concerning her decision to move to South Brunswick. The court found plaintiff moved to South Brunswick because it was closer to her place of employment and it permitted her to provide a larger home where the children had their own bedrooms and enjoyed access to a pool and other activities.

The court noted the mediation agreement, which was incorporated into the final judgment of divorce, designated plaintiff as the parent of primary residence and did not prohibit plaintiff from relocating with the children. The court rejected defendant's claim plaintiff was not the parent of primary residence, and it concluded the children appropriately moved with plaintiff to South Brunswick because she was the designated parent of primary residence.

A-0526-19T4

The court also noted plaintiff moved only eight miles from her prior residence in East Brunswick to the adjacent township of South Brunswick and that the municipalities had comparable school systems. The court accepted plaintiff's testimony "the children are looking forward to the new school system." The court also observed that the children were in private counseling, and defendant did not present any evidence from their counselors demonstrating the move to South Brunswick or the change in school districts "would be detrimental to the best interests of the children."

The court denied defendant's requests to bar the children's attendance in the South Brunswick school district and to require their attendance at school in East Brunswick. The court entered an August 24, 2018 order denying the relief sought in defendant's order to show cause.

The February 28, 2019 Order

In October 2018, and thereafter, the parties had ongoing issues concerning parenting time and the transportation of the children to and from school. It appears they abandoned their November 2017 parenting time agreement and reverted to the parenting time arrangement set forth in the mediation agreement.[1]

---

[1] We do not suggest that reversion to the parenting time arrangement set forth in the mediation agreement occurred by mutual consent or was the fault of either

A-0526-19T4

In January 2019, plaintiff moved before the court to: modify the parenting time arrangement to provide defendant with overnight visits with the children each Thursday and Friday evening and every other Saturday night; compel defendant to transport the children to school in South Brunswick and in a timely manner during his parenting time; and permit plaintiff to pick up the children at defendant's home at 7:00 p.m. on Saturday and 11:00 a.m. on those Sundays following defendant's Saturday evening overnight parenting time. Plaintiff also sought an attorney's fee award.

In her certification supporting the motion, plaintiff claimed the requested relief was required because defendant did not drop the children off at school on time when he had overnight parenting time. Plaintiff also asserted an 11:00 a.m. Sunday morning pick-up of the children following a Saturday overnight visit was required because defendant otherwise kept the children until Sunday at 7:00 p.m. following Saturday overnight visits. In plaintiff's view, the 7:00 p.m. pick-up of the children was too late to ensure they ate, completed homework, and went to bed at a reasonable hour before the start of the school week.

---

party. The circumstances leading to the reversion are not at issue, and it is therefore unnecessary to address them. It is sufficient to note that in October 2018, and thereafter, the parties no longer mutually agreed to the November 2017 modification of the parenting time arrangement.

A-0526-19T4

Defendant filed a cross-motion requesting denial of the relief sought by plaintiff and, in pertinent part, an order: directing plaintiff to comply with the parenting time arrangement set forth in the mediation agreement; requiring plaintiff to drop off the children at defendant's residence for his scheduled parenting time; permitting defendant's weekend parenting time to end at 7:00 p.m. on Sundays; requiring plaintiff transport the children to school from defendant's residence half of the time; and requiring plaintiff reimburse defendant for plaintiff's share of the cost of D.T.'s extracurricular activities.[2] Defendant also sought an order directing that neither party be designated as the parent of primary residence; that the children be reenrolled in the East Brunswick school system for the 2019-2020 school year; and that he and plaintiff share joint legal and physical custody of the children.

Plaintiff filed opposition to defendant's cross-motion asserting she is designated the parent of primary residence in the mediation agreement and defendant failed to present any evidence supporting a modification of that negotiated and agreed-upon designation. Plaintiff further claimed her request for a modification of the parenting time arrangement was for the purpose of

---

[2] We do not address defendant's other requests because the court's actions regarding them are not at issue on appeal.

A-0526-19T4

ensuring the children were dropped off at school on time and that they be returned to her early enough on Sundays following a Saturday overnight visit with defendant to permit her to spend some weekend time with the children and to allow the children to prepare for the ensuing school week.

Plaintiff also asserted defendant failed to either request reconsideration of, or appeal from, the court's August 24, 2018 order rejecting defendant's motion to require the children attend school in East Brunswick. Plaintiff claimed defendant's renewal of his request concerning the children's school attendance was therefore frivolous.

In a detailed February 28, 2019 order, the court denied plaintiff's motion in its entirety[3] and granted in part and denied in part defendant's cross-motion. The order confusingly states defendant's request that neither party shall be designated as the parent of primary residence is "GRANTED IN PART" and "DENIED IN PART insofar as the [m]ediation [a]greement speaks for itself." The finding is confusing because, as noted, the mediation agreement expressly states plaintiff is the parent of primary residence.

---

[3] The court provided the parties with a tentative written order on the cross-motions in accordance with Rule 5:5-4(e), and neither party requested oral argument on the motions thereafter. As a result, the parties' requests for oral argument "were deemed withdrawn," and the court's tentative decision, as set forth in its order, became final. R. 5:5-4(e).

The court ordered that the parties shall "jointly make all major decisions on behalf of or otherwise affecting the children," including "all major religious, educational[,] and health decisions." The court also found although "the [m]ediation [a]greement does not spell out that the parties have joint legal custody, they clearly do so."

The court granted defendant's request that the parties comply with the parenting time schedule set forth in the mediation agreement, and the court denied without prejudice defendant's requests for modification of the parenting time schedule. The court referred certain issues between the parties to mediation and appointed a mediator. The court also directed that the parties utilize the services of a court-appointed parenting time coordinator. The court ordered plaintiff and defendant to equally share the costs of the mediator and parenting time coordinator.

The court also denied without prejudice defendant's request for an order finding "[p]laintiff in violation of litigant's rights for unilaterally removing the [children] from the East Brunswick school district" and requiring the children's reenrollment in the East Brunswick school district for the 2019-2020 school year. The court further denied defendant's motion for attorney's fees incurred in connection with the cross-motions.

<u>The August 23, 2019 Order</u>

Following entry of the February 28, 2019 order, the parties participated in a successful mediation of the outstanding issues. The parties also worked with a court-appointed parenting time coordinator to resolve their parenting time disputes.

Defendant subsequently filed a motion for an order directing a parenting time schedule and equally shared responsibility for driving the children to and from their South Brunswick schools in accordance with the parenting time coordinator's recommendations. "In the alternative," defendant again moved for an order directing the children's reenrollment in the East Brunswick school system.

Defendant also requested a determination that the mediation agreement's designation of plaintiff as the parent of primary residence is unenforceable and an order directing that neither party is the parent of primary residence. "In the alternative," defendant requested that the court designate him as the parent of primary residence.[4]

---

[4] We do not address the other requests for relief in defendant's motion because the court's disposition of the requests is not at issue on appeal.

A-0526-19T4

Plaintiff filed a cross-motion requesting denial of defendant's motion, a parenting time schedule and schedule for the transportation of children to and from school during defendant's parenting time, and other relief not at issue on appeal. In an August 23, 2019 order, the court granted in part both defendant's and plaintiff's requests to modify the parenting time schedule and directed the schedule for the transportation of the children to and from their South Brunswick schools during defendant's parenting time.

The court also denied defendant's "alternative" request for the children's reenrollment in the East Brunswick school system. The court found "insufficient evidence . . . [upon which] to base any change in the current arrangement," as "the children are thriving academically[,] and there is not ample support that returning the children to East Brunswick schools is in their best interests."

The court further denied defendant's motion for an order finding plaintiff's designation as the parent of primary residence unenforceable, and the court rejected defendant's request that he be designated the parent of primary residence. The court noted defendant's request was addressed in the February 28, 2019 order and found "[d]efendant was aware of" plaintiff's designation as the parent of primary residence in the mediation agreement that was incorporated in the final judgment of divorce. The court determined there was

11

"no substantial change in circumstances . . . alleged since the [final judgment of divorce] was entered."

Defendant appealed from the court's August 15, 2018, August 24, 2018, February 28, 2019, and August 23, 2019 orders. In his pro se brief on appeal, defendant presents the following arguments for our consideration:

POINT 1

THE TRIAL COURT BASED ITS DECISION TO DENY . . . DEFENDANT'S [ORDER TO SHOW CAUSE] ON AUGUST 24, 2018 ON ITS ERRONEOUS INTERPRETATION THAT . . . PLAINTIFF IS DESIGNATED AS [THE PARENT OF PRIMARY RESIDENCE].

POINT 2

THE TRIAL COURT FAILED TO HOLD A PLENARY HEARING AS WAS REQUESTED BEFORE ITS URGENT UPROOTING OF THE PARTIES' CHILDREN FROM THE MARITAL RESIDENCE SCHOOL DISTRICT[.]

POINT 3

THE TRIAL COURT MADE A REVERSIBLE MISTAKE OF LAW WHEN IT APPLIED A STANDARD THAT IS NOT SPECIFIED BY LAW WHEN IT DENIED . . . DEFENDANT'S [ORDER TO SHOW CAUSE] ON AUGUST 15, 2018 [AND] AUGUST 24, 2018.

POINT 4

THE TRIAL COURT MADE A MISTAKE OF LAW WHEN IT IGNORED THE PARTIES' JOINT LEGAL AND [PHYSICAL] CUSTODY AGREED TO IN THEIR [FINAL JUDGMENT OF DIVORCE].

POINT 5

THE TRIAL COURT MADE A MISTAKE OF LAW WHEN IT FAILED TO MAKE A PRIMA-FACIE DECISION WHEN IT DENIED . . . DEFENDANT'S AUGUST 15, 2018 [ORDER TO SHOW CAUSE] MOTION OR WHEN IT FAILED TO MAKE A PRIMA-FACIE DECISION ON AUGUST 22, 2018.

POINT 6

[ORDER TO SHOW CAUSE] MOTION WAS FILED BY . . . DEFENDANT TO REVERSE A CIRCUMSTANCE CREATED BY . . . PLAINTIFF IN VIOLATION OF BOTH THE N[.]J[.]S[.]A[.] 9:2-4 AND THE PARTIES' [FINAL JUDGMENT OF DIVORCE]. DUE PROCESS ERROR.

POINT 7

THE TRIAL COURT FAILED TO PROTECT THE BEST INTERESTS OF THE PARTIES' CHILDREN.

POINT 8

THE TRIAL COURT FAILED TO APPLY THE LAW WHEN IT FAILED TO HOLD . . . PLAINTIFF IN CONTEMPT FOR HER VIOLATIONS OF THE N.J.S.A. 9:2-4 AND THE PARTIES['] [FINAL JUDGMENT OF DIVORCE].

POINT 9

THE TRIAL COURT MADE A MISTAKE OF LAW WHEN IT DISREGARDED . . . DEFENDANT-FATHER'S EQUAL RIGHTS TO CUSTODY [AND] PARENTING GRANTED BY THE STATE LAWS. [] DEFENDANT HAS BEEN BIASED IN VIOLATION OF HIS SAID CUSTODIAL LEGAL RIGHTS[.]

POINT 10

THE TRIAL COURT AWARDED . . . PLAINTIFF FOR HER BAD-FAITH ACTIONS AND OUTRIGHT VIOLATIONS WHEN IT IMPOSED SIGNIFICANT FINANCIAL BURDEN ON . . . DEFENDANT[.]

POINT 11

THE PARTIES' CHILDREN'S SCHOOL DISTRICT [WAS] CHANGED IN VIOLATION OF THE STATUTES AND [THE FINAL JUDGMENT OF DIVORCE]. MORE IMPORTANTLY[,] CHANGE OF SCHOOL DISTRICT WAS NOT WARRANTED.

POINT 12

THE TRIAL COURT ABUSED ITS DISCRETIONARY POWERS IN ITS FAILURE TO TAKE . . . DEFENDANT'S FINANCIAL ABILITY, . . . PLAINTIFF'S BAD-FAITH ACTIONS, HER VIOLATIONS OF THE STATUTES AND THE PARTIES' [FINAL JUDGMENT OF DIVORCE], [AND] HER EXHAUSTING DELAY TACTICS WHEN IT DENIED . . . DEFENDANT'S REQUESTS FOR RECOVERY OF THE LEGAL FEES [AND] EXPENSES HE PAID.

A-0526-19T4

II.

Our review of Family Part orders is generally limited.  Cesare v. Cesare, 154 N.J. 394, 411, 413 (1998).  We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters."  Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413).  Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence," Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)), and we will not disturb the factual findings and legal conclusions unless convinced they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice," Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)).  Challenges to legal conclusions, as well as a trial court's interpretation of the law, are subject to de novo review.  Id. at 565.

Defendant candidly acknowledges the arguments asserted in Points 3, 5, 6, 9, 10, and 12 were not raised before the trial court.  We therefore do not address those arguments because "[i]t is . . . well-settled . . . that our appellate courts will decline to consider questions or issues not properly presented to the

trial court when an opportunity for such presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); accord Collas v. Raritan River Garage, Inc., 460 N.J. Super. 279, 286 (App. Div. 2019).  None of the arguments defendant asserts for the first time on appeal go to the trial court's jurisdiction or concern matters of great public interest.

Defendant's remaining arguments are primarily founded on his contention the court erred in the first instance by entering the August 24, 2018 order denying his request to restrain plaintiff from enrolling the children in the South Brunswick school district and to require their reenrollment in the East Brunswick district.  Defendant claims the court erred by finding plaintiff was the parent of primary residence, applying the incorrect legal standard, and failing to hold a plenary hearing on whether the change in school districts was in the children's best interests.  Plaintiff argues in part that defendant's appeal from the court's August 24, 2018 order must be rejected because defendant filed his appeal from the order more than thirteen months later on October 4, 2019, and, therefore, the appeal is untimely.

"An appeal from a final judgment must be filed with the Appellate Division within forty-five days of its entry . . . ." Lombardi v. Masso, 207 N.J. 517, 540 (2011) (citing R. 2:4-1(a)). Rule 2:4-4(a) permits a maximum thirty-day extension of time, but only if the notice of appeal was actually "filed within the time as extended." See id. at 540-41. Rule 2:4-1 limits the scope of this court's jurisdiction and authority, In re Christie's Appointment of Perez as Pub. Member 7 of Rutgers Univ. Bd. of Governors, 436 N.J. Super. 575, 584 (App. Div. 2014), and, "[w]here the appeal is untimely, the Appellate Division has no jurisdiction to decide the merits of the appeal," Ricci, 448 N.J. Super. at 565 (quoting In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990)).

The August 24, 2018 order resolved all issues raised in defendant's post-judgment challenge to plaintiff's relocation of the children, their enrollment in the South Brunswick school district, and their withdrawal from the East Brunswick district. The order completely "dispose[d] of" defendant's challenge to the relocation and change of school districts; "reserve[ed] no further question, decision, or direction for future determination"; completed the proceeding initiated by defendant's order to show cause, Adams v. Adams, 53 N.J. Super. 424, 429 (App. Div. 1959) (citations omitted); and did not "require[] [any] further steps . . . to enable the court to adjudicate the cause on the merits[,]"

A-0526-19T4

Ricci, 448 N.J. Super. at 565 (third and fourth alterations in original) (quoting Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005)). Thus, the August 24, 2018 order is a final order, and the appeal must have been filed within the forty-five days prescribed in Rule 2:4-1(a). See, e.g., Adams, at 53 N.J. Super. at 428-29 (explaining a post-judgment matrimonial order denying a motion to modify an alimony and child support award is a final judgment for purposes of appeal); cf. Ricci, 448 N.J. Super. at 566-67 (finding post-judgment matrimonial order allowing a child to intervene and setting parents' obligations to contribute to the child's education costs was interlocutory because it did not resolve all issues concerning the parents' obligations to contribute to the costs "or finalize all rights and responsibilities of the parties by finally adjudicating the merits of all issues raised in the action").

Defendant did not file his appeal from the August 24, 2018 order within forty-five days of its entry. Instead, he inexplicably waited four-hundred-and-sixteen days and appealed from the order on October 4, 2019. During this time, the children completed a full year of school in the South Brunswick district and started a second school year in that system. His failure to timely file his appeal from the August 24, 2018 final order deprives this court of jurisdiction to consider the merits of his claims the motion court erred by finding plaintiff was

A-0526-19T4

the parent of primary residence, plaintiff properly withdrew the children from the East Brunswick school system, and plaintiff properly enrolled them in the South Brunswick system.  See In re Hill, 241 N.J. Super. at 372.  We therefore affirm the court's August 24, 2018 order.

In defendant's subsequent two motions, he renewed his challenge to plaintiff's designation as the parent of primary residence, as well as the propriety of plaintiff's withdrawal of the children from the East Brunswick school system and enrollment in South Brunswick.  He did so following entry of the August 24, 2018 order disposing of those issues, and he therefore was required to demonstrate a change in circumstances warranting a modification of the court's August 24, 2018 order determining plaintiff was the parent of primary residence and that she properly enrolled the children in the South Brunswick school district.  See, e.g., Bisbing v. Bisbing, 230 N.J. 309, 322 (2017) (explaining modification of custody arrangement adopted by the court requires showing of changed circumstances); Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015) (explaining that a modification of an existing child custody first requires a demonstration of a "change of circumstances warranting modification" of the arrangements (citations omitted)); see also Finamore v. Aronson, 382 N.J. Super. 514, 522 (App. Div. 2006) (explaining "[o]rders defining a parent's right

with respect to contact with his child are subject to future revision depending on a showing of changed circumstances" (citations omitted)).

In its February 28, 2019 and August 23, 2019 orders, the court properly rejected defendant's attempt to relitigate the issues finally resolved in the August 24, 2018 order. Defendant's submissions to the court failed to demonstrate any change in circumstances following entry of the August 24, 2018 order that warranted a modification of the order's terms. To be sure, defendant voiced ongoing dissatisfaction with the August 24, 2018 order, and he asserted the court erred by entering the order in the first instance, but his arguments challenging the order were more properly made in either a motion for reconsideration, see R. 4:49-2, or a timely appeal. He filed neither. His dissatisfaction did not constitute changed circumstances warranting the modification of the August 24, 2018 order that he sought in the motions resulting in the February 28, 2019 and August 23, 2019 orders. See, e.g., Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (finding a change in circumstances must "affect the welfare of the children" (citations omitted)). Having failed to demonstrate any changed circumstances, the court correctly entered the February 28, 2019 and August 23, 2019 orders denying his requests the court find plaintiff is not the parent of

20

primary residence and that the court direct the children's withdrawal from the South Brunswick school district and reenrollment in East Brunswick.

We are also unpersuaded by defendant's claim the court erred by requiring that he contribute fifty percent of past fees for D.T.'s participation in soccer training for which he enrolled the child and fifty percent of the past fees for D.T.'s participation in soccer league for which the child was enrolled by plaintiff. The court also determined future fees for the extracurricular activities would be paid in accordance with the mediation agreement, which requires that plaintiff pay seventy percent of such costs and defendant pay thirty percent.

The court recognized the mediation agreement provides for a seventy-thirty split of the extracurricular activity fees for the children. The court, however, also determined the past extracurricular fees at issue were "needlessly incurred" due to the parties' respective failures to communicate with each other to obtain approval of the activities before incurring fees for which the other party would bear financial responsibility. Thus, in the exercise of its discretion as a court of equity, see Kingsdorf v. Kingsdorf, 351 N.J. Super. 144, 157-58 (App. Div. 2002) (generally describing the Family Part's equitable powers), the court required the parties to share equally in the payment of the fees that were unnecessarily incurred due to their mutual and shared fault, see id. at 157

21

(explaining the existence of an agreement "does not necessarily require that [its terms] be specifically enforced, if reflective application of equitable considerations and principles suggests a different remedy"). The court's finding the parties were equally at fault for the unnecessary incurrence of the past soccer-related fees supports the remedy imposed, and we discern no basis to reverse it.

Defendant also argues the court erred by requiring that he pay fifty percent of the costs of the court-ordered mediator and parenting time coordinator. He contends the record shows a disparity in income between the parties and the court failed to make any findings supporting an equal split of the costs.

The Family Part may appoint experts who will assist the court's determination of an issue, R. 5:3-3(a), and the court has discretion to direct who pays the associated costs, R. 5:3-3(i). In determining the appropriate fee allocation, the court may consider the factors outlined in Rule 5:3-5(c) governing attorney's fees awards. See Platt v. Platt, 384 N.J. Super. 418, 429 (App. Div. 2006). We review a court's decision concerning the allocation of fees for court-appointed experts for an abuse of discretion. See Goldman v. Goldman, 275 N.J. Super. 452, 463–64 (App. Div. 1994). A trial court misuses its discretion by making a decision "without a rational [basis], inexplicably

depart[ing] from established policies, or rest[ing its decision] on an impermissible basis." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (Rivera-Soto, J., dissenting)).

In its February 28, 2019 order, the court did not make any findings supporting its determination defendant should pay fifty percent of the mediation costs. In finding defendant should pay fifty percent of the parenting time coordinator's costs, the court noted the mediation agreement showed an "earning disparity" between the parties but also found it "critical that both parties be equally invested in the parent coordination process." In our view, the court did not adequately explain its decision to order the parties to equally share the costs of the mediator and parenting time coordinator, and we are not convinced ordering parties with disparate incomes to share equally in such costs equates to an equal financial investment in either process. In addition, the record shows a substantial disparity income, with plaintiff earning substantially more than defendant.

Because we are unable to precisely discern the court's reasoning, we are unable to determine if the court abused its discretion in ordering the equal allocation of the costs. We vacate that portion of the court's February 28, 2019

23

order requiring an equal allocation of the costs for the mediator and parenting time coordinator, and we remand for the court to reconsider the issue and make appropriate findings. R. 1:7-4. Our decision to remand should not be interpreted as an expression of an opinion on the merits. They shall be decided by the trial court based on the record presented on remand.

Defendant also claims the court erred by denying his request for attorney's fees. Defendant was represented by counsel only in connection with the cross-motions that resulted in the February 28, 2019 order. The court denied defendant's fee request, finding that a "substantial portion" of the twenty-eight requests for relief contained in defendant's cross-motion lacked merit and there was no evidence defendant made any effort to resolve the outstanding issues with plaintiff prior to resorting to motion practice.

Attorney's fees may be awarded in a family action pursuant to Rule 5:3-5(c). R. 4:42-9(a)(1). "An allowance for counsel fees and costs in a family action is discretionary." Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004) (citing R. 4:42-9(a)(1)); see also R. 5:3-5(c). We find no abuse of discretion in the court's denial of defendant's application for fees. The court did not find, and defendant has not demonstrated, plaintiff's motion was made in bad faith or for the purpose of harassment, see Kozak v. Kozak, 280 N.J. Super. 272,

279-80 (Ch. Div. 1994), and defendant incurred fees prosecuting a cross-motion that was, to a great extent, without merit and unsuccessful. Under such circumstances, we cannot conclude the court's decision lacked a rational basis, inexplicably departed from established policies, or rested on an impermissible basis. Guillaume, 209 N.J. at 467.

We affirm the court's August 15 and 24, 2018 and August 23, 2019 orders. We affirm the court's February 28, 2019 order, except we vacate that portion of the order directing an equal split of the costs of the mediator and parenting time coordinator, and remand for the court to reconsider and determine the allocation. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0526-19T4