**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3159-23

SCOTT GALE,

     Plaintiff-Appellant,

v.

RITASHONA SIMPSON,

     Defendant-Respondent.

_____

Submitted October 16, 2025 – Decided May 29, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0994-18.

Scott Gale, self-represented appellant.

Rigden, Lieberman & Mignogna, PA, attorneys for respondent (Melissa L. Mignogna, on the brief).

PER CURIAM

    In this post-judgment matrimonial matter, plaintiff Scott Gale appeals a

May 3, 2024 order and an October 6, 2022 order addressing the parties' motions

and cross-motions seeking various relief, including relief related to their respective child-support obligations. Because we perceive no abuse of discretion or legal error, we affirm.

## I.

The parties are familiar with the extensive factual and procedural background of this matter. Thus, we need not and do not detail that background in this opinion and instead focus on information related to this appeal.

Plaintiff and defendant Ritashona Simpson were married in November 2008, had a child in September 2009, and divorced by way of a February 22, 2017 final judgment of divorce (FJOD) issued by the Supreme Court of New York, County of New York. The FJOD incorporated the parties' November 16, 2016 child-support agreement. The FJOD awarded plaintiff sole legal and physical custody of the child.

At the time of the divorce, plaintiff and the parties' child resided in New Jersey, and defendant resided in New York. In a November 6, 2017 order, the New York court granted plaintiff's motion to dismiss the parties' case that was pending in that court based on forum non conveniens, finding New Jersey was "a more appropriate forum" because it was the "home state" of the parties' child. (Internal quotation marks omitted). The New York court issued another order

that day, dismissing defendant's motion for a change in custody but granting her leave to "renew" the motion in an "action to be commenced in New Jersey" given the court's dismissal of the New York case based on forum non conveniens.

The parties subsequently filed numerous motions and cross-motions in the Superior Court of New Jersey regarding, among other things, custody and parenting time. In a December 30, 2020 order, the court directed the parties share joint legal custody, designating plaintiff as the parent of primary residence. In August 2022, plaintiff moved for an order: modifying the parties' child-support obligations to include private-school costs, requiring defendant to provide medical benefits for the child and proof of life insurance pursuant to the FJOD, and increasing defendant's child-support obligation.

Defendant opposed the motion and cross-moved, seeking an order: imputing at least $85,000 in annual income to plaintiff "for purposes of recalculating child support" or, alternatively, allowing her to take discovery regarding his income; directing the parties to split the child's private-school costs "with a credit deducted from [d]efendant's share to equalize the parties' [annual] toll costs"; permitting defendant to take the child to medical appointments while in her care "[t]o maximize the use of [d]efendant's medical insurance"; and requiring plaintiff to maintain and provide proof of a $200,000

3

life insurance policy naming the child as beneficiary and pay defendant's counsel fees.

Plaintiff opposed the cross-motion and filed his own cross-motion, seeking the same relief he sought in his motion, including an "[i]ncrease [in c]hild [s]upport due to increased cost of caring for child and . . . private school fees." In a certification, plaintiff indicated he had "realized that this court may not have jurisdiction to rule on [his] motion" because a New Jersey court had not yet ruled on child support and "[t]he [c]hild [s]upport order sought to be modified originated in New York." He asserted, however, the FJOD had been "registered" in New Jersey and that "[d]efendant's [c]ross[-m]otion provide[d] the most unassailable predicate for this court to exercise jurisdiction," citing N.J.S.A. 2A:4-30.133.

After hearing argument, the court entered an October 6, 2022 order, finding the child-support-guidelines worksheet submitted by defense counsel was "an appropriate disposition," imputing income to "self-employed" plaintiff, modifying defendant's child-support obligation from $1,400 per month to $244 per week; deeming plaintiff responsible for 57% of tuition costs and defendant 43%; confirming defendant had provided proof of insurance and requiring plaintiff to maintain insurance with the child as the beneficiary; denying

4

"[p]laintiff's request for 'usable' medical benefits" and directing the parties "to work together to address these issues when they arise"; and denying defendant's fee application.

Plaintiff moved for reconsideration. Defendant opposed the motion and cross-moved, asking for counsel fees and the opportunity to conduct discovery if the court granted plaintiff's motion. In a December 2, 2022 order, the court granted plaintiff's motion, finding the court had "not consider[ed], or [had] failed to appreciate the significance of probative, competent evidence" when it issued the October 6 order. The court also permitted the parties to engage in discovery and referred the case to a post-judgment marital early settlement panel. In a June 29, 2023 order, the court closed the matter because, after participating in the settlement panel, the parties had advised the court they would submit a consent order and no additional court intervention was needed.

Defendant filed an order to show cause. In an October 12, 2023 order, the court granted defendant "emergency legal and residential custody of the child," suspended plaintiff's parenting time, and terminated defendant's child-support obligation. In a November 17, 2023 order, the court granted the parties joint legal custody with defendant as the parent of primary residence, continued the suspension of plaintiff's parenting time but permitted the parties to make

5

mutually-agreeable arrangements for supervised parenting time, directed the parties to submit certain documentation, imposed on plaintiff a $192 weekly child-support obligation pendente lite, and scheduled a hearing to "finaliz[e] child support related issues."

In a February 23, 2024 order, the court found defendant was entitled to a $6,716.75 reimbursement because she had overpaid child support, directed plaintiff's counsel to ascertain whether arrangements could be made with the private school to avoid paying full tuition given that the child no longer attended the school, and confirmed plaintiff's weekly $192 child-support obligation because plaintiff had not submitted any additional documentation in support of his claim the amount was incorrect.

Plaintiff's counsel subsequently provided information regarding the school's position concerning the outstanding tuition. In a March 25, 2024 email, a court clerk confirmed receipt of that information and asked counsel if the parties would agree to offset the amount defendant owed towards the tuition by the amount plaintiff owed defendant for child-support overpayments.

On March 28, 2024, plaintiff moved for a stay of the proceedings and any enforcement of arrears, vacation of the October 6, 2022 order "for lack of subject matter jurisdiction and for failing to apply any child support standards," reversal

6

of the "custody determination" in the November 17, 2023 and February 23, 2024 orders because it was based "on known and proven false allegations, and not done in accordance with New Jersey rules regarding change of custody," and the court's recusal. Defendant opposed the motion and cross-moved, asking the court to modify plaintiff's outstanding child-support arrears, confirm plaintiff's child-support obligation, and require plaintiff to pay the outstanding tuition and defendant's counsel fees.

After hearing argument, the court entered a May 3, 2024 order denying plaintiff's motion in its entirety and granting defendant's cross-motion in part by confirming plaintiff's weekly child-support obligation and modifying the arrears. The court held it had jurisdiction, finding that, although the parties had been divorced in New York, plaintiff and the child were living in New Jersey when plaintiff filed the August 2022 motion in the Superior Court of New Jersey. Regarding the custody determination, the court explained that in the October 12, 2023 order, it had "permitted [d]efendant to have emergency custody based upon serious allegations" and that plaintiff had "not object[ed] to the custody change" and had "advised that he was not in a position to . . . hav[e] parenting time as a result of the allegations." The court noted plaintiff had not subsequently sought a change in custody. The court denied plaintiff's request

for recusal, finding "a reasonable person would [not] have doubts about this [c]ourt's impartiality."

Plaintiff filed a notice of appeal on June 13, 2024, stating he was appealing the October 6, 2022 and May 3, 2024 orders. On appeal, plaintiff argues the court did not have jurisdiction "to modify the parties['] New York [c]hild[-]support [o]rder," the court failed to make a best-interests assessment and to provide findings of facts and conclusions of law when it issued the orders, defendant and her counsel misled the court, and the court erred in not recusing itself. He also asserts his appeal of the October 6, 2022 order was timely.

II.

Our review of a Family Part judge's findings is limited. Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Under that deferential standard of review, we are bound to uphold a finding that is supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "However, we confer no deference to a trial court's interpretation of the law, which we review de novo to determine whether the

judge correctly adhered to applicable legal standards." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "Reversal is reserved for only those circumstances in which we determine the factual findings and legal conclusions of the trial judge went 'so wide of the mark that a mistake must have been made.'" Ibid. (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)).

We begin by addressing procedural issues regarding the appeal of the October 6, 2022 order. "[A]ppeals from final judgments of courts . . . shall be filed within [forty-five] days of their entry." Brehme v. Irwin, 259 N.J. 505, 512 (2025) (omission in original) (quoting R. 2:4-1). Generally, a Family Part's post-judgment "modification of a support decree is a final judgment for purposes of appeal" because it "determines the rights of the parties on some definite and separate branch of the controversy[.]" Adams v. Adams, 53 N.J. Super. 424, 428-29 (App. Div. 1959). A motion for reconsideration under Rule 4:49-2 tolls the time to file an appeal. R. 2:4-3(e); see also Van Horn v. Van Horn, 415 N.J. Super. 398, 413 (App. Div. 2010). Once a determination is made on the reconsideration motion, the forty-five-day period for an appeal does not begin anew; rather, the time remaining "begin[s] to run from the date of the entry of an order disposing of such a motion." R. 2:4-3(e). Applying that calculation to

9

A-3159-23

this case, taking into consideration the December 2, 2022 order granting plaintiff's reconsideration motion and the June 29, 2023 dismissal order, the appeal was untimely.

Moreover, any appeal of the October 6 order was rendered moot by the December 2, 2022 order granting plaintiff's motion to reconsider the October 6 order and permitting discovery about the underlying issues. "An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Wunsch v. CTE Republicans for Englewood Cliffs, 483 N.J. Super. 231, 253-54 (App. Div. 2026) (quoting N.J. Div. of Youth & Fam. Servs. v. A.P., 408 N.J. Super. 252, 261 (App. Div. 2009)), petition for certif. filed, No. 091722 (Mar. 13, 2026). Nevertheless, for the sake of completeness, we include the October 6 order in our consideration of the remaining issues raised on appeal.

"Subject-matter jurisdiction involves 'a threshold determination as to whether the [c]ourt is legally authorized to decide the question presented.'" In re J.R., 478 N.J. Super. 1, 7 (App. Div. 2024) (alteration in original) (quoting N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 410 (App. Div. 1997)). "Subject-matter jurisdiction refers to the power of a court to hear and determine cases of the class to which the proceeding in question belongs." Ibid.

(quoting N.J. Citizen Action, 296 N.J. Super. at 411) (internal quotation marks omitted).

The Uniform Interstate Family Support Act (UIFSA), N.J.S.A. 2A:4-30.124 to -30.201, "provides a comprehensive framework for dealing with" jurisdictional issues. Youssefi v. Youssefi, 328 N.J. Super. 12, 20 (App. Div. 2000) (quoting Peace v. Peace, 325 N.J. Super. 122, 127 (Ch. Div. 1999)). "In broad terms, UIFSA governs jurisdiction over the establishment, modification, and enforcement of a child[-]support order when at least one of the parties to the action in which support is requested lives outside of the state." M.K. v. T.K., 473 N.J. Super. 101, 111-12 (Ch. Div. 2020). UIFSA's purpose:

> is not only to establish a means of enforcing a support order when one or both parties have moved from the jurisdiction where the support order was issued, but also to establish ground rules for modifying such an order, and to do so in a way that avoids conflicting orders issued by courts of different states.
>
> [Phillipp v. Stahl, 344 N.J. Super. 262, 277 (App. Div. 2001) (Wecker, J.A.D., concurring in part and dissenting in part), rev'd on dissent, 172 N.J. 293 (2002).]

Under UIFSA, "a court that enters an order establishing child support retains continuing[,] exclusive jurisdiction to modify the order, and that court's orders remain the controlling child[-]support orders for purposes of

enforcement, until continuing exclusive jurisdiction is conferred on another state's tribunal by operation of [UIFSA]." Lall v. Shivani, 448 N.J. Super. 38, 46 (App. Div. 2016). A review of the procedural history of this case conclusively establishes that, consistent with UIFSA, the New York court's orders conferred jurisdiction on the Superior Court of New Jersey and the parties consented to the Superior Court's jurisdiction.

With his 2017 motion to dismiss the parties' New York case based on forum non conveniens, plaintiff affirmatively sought to have jurisdiction conferred on New Jersey. In its November 6, 2017 orders, the New York court granted his motion, deemed New Jersey the "more appropriate forum" as the child's "home state," and dismissed defendant's pending motion, giving her leave to "renew" the motion in an "action to [be] commenced in New Jersey." With those orders, the New York court "conferred" jurisdiction on the Superior Court of New Jersey. Ibid.

The parties then filed numerous motions and cross-motions in the New Jersey court. In his August 2022 motion, which he filed in New Jersey consistent with the 2017 New York orders, plaintiff expressly asked the New Jersey court to modify the child-support provisions of the FJOD. Defendant did not oppose his motion based on jurisdictional grounds. To the contrary, she

cross-moved, asking the New Jersey court to modify the child-support provisions in her favor. Plaintiff did not oppose her cross-motion based on jurisdictional grounds. To the contrary, he repeated his request the court modify the child-support provisions in his favor, certified the FJOD had been "registered" in New Jersey, consistent with N.J.S.A. 2A:4-30.176, and expressly argued in favor of the New Jersey court's jurisdiction, contending "[d]efendant's [c]ross[-m]otion provide[d] the most unassailable predicate for" the court's jurisdiction pursuant to N.J.S.A. 2A:4-30.133.

In M.K., the court found New Jersey had jurisdiction to modify a child-support order under UIFSA when "the original child[-]support order issued in New York" had been "registered in New Jersey" and the plaintiff had consented to New Jersey's jurisdiction "by availing himself of the New Jersey courts and filing a cross-motion seeking to modify the support order." 473 N.J. Super. at 113-14. We reach the same conclusion here and perceive no error or abuse of discretion by the court's exercise of jurisdiction over this case.

We also reject plaintiff's argument that the court's orders were infirm because that court failed to engage in appropriate analysis or provide sufficient findings of facts or conclusions of law. "A trial court 'shall, by opinion or memorandum decision, either written or oral, find the facts and state its

conclusions of law thereon in all actions tried without a jury . . . .'" T.B. v. I.W., 479 N.J. Super. 404, 413 (App. Div. 2024) (omission in original) (quoting R. 1:7-4(a)). The court met that standard in its detailed and comprehensive orders.

We also perceive no abuse of discretion in the court's denial of plaintiff's application for recusal. "Any party, on motion made to the judge before trial or argument and stating the reasons therefor, may seek that judge's disqualification." R. 1:12-2. "The disposition of a motion for disqualification is 'entrusted to the sound discretion of the trial judge whose recusal is sought.'" Chandok v. Chandok, 406 N.J. Super. 595, 603 (App. Div. 2009) (quoting Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001)) (internal quotation marks omitted). Recusal is warranted where "the acrimonious relationship" between the lawyer and judge gives "rise to more than a reasonable belief by an objectively reasonable litigant that the judge could not be fair and impartial." Id. at 606. Based on our review of the record, that standard was not met in this case.

To the extent we have not expressly addressed any other arguments made by the parties, we have considered them and find they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division